Lumsden *v.* Mason Builders Supply Co., Appellant.

532

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*John E. McDonough,* and with him *Anthony J. Di-Medio,* for appellant.

*Albert J. Williams,* for appellee.

OPINION BY CUNNINGHAM, J., March 1, 1929:

This was an action of assumpsit to recover compensation for the preparation of certain plans for a railroad siding and coal bins furnished by plaintiff, a civil engineer and contractor, to defendant. Plaintiff has a verdict for $1,386 upon which judgment was entered after defendant's rule for a new trial had been discharged. Defendant's assignments of error in support of its appeal are based upon alleged errors in the charge. From the evidence it appeared that plaintiff, having heard of proposed improvements to defendant's shipping yard, called upon Mr. Mason, its president, with a view to securing the contract to do the work. He was then informed that it had not been decided whether it was practicable to build a trestle, with coal bins underneath, or whether silos would have

to be used. Plaintiff offered to obtain this information, and later reported to Mason that the ground would permit the building of a satisfactory trestle. For these services he has claimed no compensation, admitting that they were rendered voluntarily for the purpose of securing the contract.

Upon receiving plaintiff's report in regard to the practicability of the trestle, Mason told him that defendant wanted some other contractors to bid, and asked him to prepare plans and specifications upon which the bids could be based. At this point there is a direct conflict in the evidence. Plaintiff testified that Mason agreed to compensate him for the plans and specifications if he did not succeed in obtaining the contract. Mason, on the other hand, denied any such promise, and said that the agreement was that if plaintiff's bid was not the lowest, but was within two hundred dollars of the low bid, the contract would be awarded to him. A plain issue of fact thus arose; the jury, by its verdict, has determined it in favor of plaintiff. We, of course, accept this finding as conclusive.

In accordance with defendant's instructions, plaintiff then prepared preliminary plans. The trestle was to be connected with the tracks of the Pennsylvania Railroad Company, and for that reason plaintiff obtained from its officials a blue-print containing its standard and approved plans for trestles and the specifications required for all such structures upon which its engines and cars were expected to be run. In addition to this blue-print, plaintiff delivered to defendant two other plans, one entitled "General Layout of Coal Yard," and the other "Details of Coal Trestle," and a paper described as a "Supplement to plans and specifications, Mason Builders Supply Company Coal Yard, Swarthmore, Pa." According to plaintiff's testimony, most of the specifications were in the form of notes placed upon the plans, and the

supplement referred to above contained only general data rounding out the specifications and plans.

Defendant resisted the claim upon three principal grounds: first, that the plans and specifications did not represent original work done by plaintiff; second, that the plans were impractical; and third, that they were not in fact used. These were all matters for the determination of the jury, under proper instructions from the court.

The basis of defendant's first contention is that plaintiff used a blue-print made from the standard plan of trestle and the standard specifications of the Pennsylvania Railroad Company. The court below in its opinion refusing defendant's motion for a new trial very properly points out that there is no evidence that the plans and specifications were necessarily to be original work by plaintiff, but on the contrary all parties to the transaction recognized the necessity of building a trestle which would be approved by the railroad. If this approval could not be obtained, the railroad would not run its engines and cars over the trestle, and the newly-built plant would be useless. The testimony indicated that it was a common practice among engineers in similar situations to ascertain in advance the plans and specifications acceptable to the railroad. In addition to the plans and specifications for the trestle itself, plaintiff submitted a general plan for the whole plant, having regard to the contour of the ground upon which the trestle was to be built. With all these circumstances in mind, we are not prepared to say that a jury should not have been permitted to find that the plans submitted to defendant were prepared by plaintiff.

Defendant's second and third contentions may be discussed together. Its principal objections are to the effect that plaintiff's plans and specifications contained no cross-sections to enable prospective bidders to estimate the necessary amount of excavation, that

the drainage system outlined in plaintiff's plans was impractical and had to be changed, that a concrete retaining wall had to be substituted for a rubble wall appearing on plaintiff's plans, and that the material used for the coal bin partitions was changed from wood to concrete after the work was started. The two latter objections cannot be considered as material. The changes were decided upon after plaintiff's plans had been either accepted or rejected by defendant. Moreover, defendant's own witnesses testified that they were not actual defects in the original plan.

The same answer may be made to defendant's contention that the drainage system called for by the original plans was impractical. If true, this was not discovered until work upon the ground had been started. And again defendant's witness testified that the system was not inherently wrong and that whether or not it was practical was, until work upon the ground was actually undertaken, a matter of judgment. We think there was therefore evidence from which the jury could properly find that the original plans were not necessarily impractical.

So far as defendant's objection relative to the absence of cross-sections is concerned, plaintiff frankly admitted that no such elevations were furnished. Defendant's witnesses unite in saying that without such cross-sections no contractor could make an intelligent bid unless he went on the ground and made his own measurements to determine the amount of excavation necessary. Plaintiff explains the omission in this manner. After presenting his plans and specifications to Mason, he was directed to take them up with one of defendant's employes, Beaudouin. The latter objected to certain details concerning the foundations, and plaintiff changed his plans to meet the objection. Beaudouin then called attention to the absence of the cross-sections. Plaintiff testified that he offered to supply the cross-sections, or to give the other bidders

his own estimate of the amount of excavation necessary, but Beaudouin agreed that it would be better to let each bidder make his own measurements on the ground. This is flatly denied by Beaudouin, who testified that plaintiff refused to supply the cross-sections. Here again we have a direct conflict of testimony which could be disposed of only by the jury. If they believed plaintiff's testimony, as their verdict indicates, we think they were justified in finding that the plans, even without the cross-sections, were accepted by defendant.

. After a consideration of all the testimony, the fact remains that the plans and specifications upon which defendant invited the submission of bids were those prepared by plaintiff. It is true that Beaudouin redrafted plaintiff's ''Supplement to plans and specifications,'' but apparently no substantial changes were made.

Various exceptions were taken to the charge of the court. As a whole, we think it fairly presented to the jury the fundamental issues involved, namely, whether defendant agreed to compensate plaintiff for his plans, and whether those plans were accepted. We are unable to agree with defendant's contention that the charge tended to mislead the jury as to the burden of proof. The learned trial judge clearly instructed at the outset that the burden was upon plaintiff to prove his case and there is nothing in the charge which conflicts with this instruction, either directly or indirectly. It follows that the judgment in favor of plaintiff should be affirmed.

Judgment affirmed.